UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARRYL HARRIS                          *
                                       *
VERSUS                                 *       CIVIL ACTION NO.:_____
                                       *
BARROW CREEK, LLC                      *
************************************************************************

**COMPLAINT**

Plaintiff, Darryl Harris, brings this action against Defendants, Barrow Creek, LLC d/b/a Made to Go Truckstop, and alleges as follows:

**JURISDICTION**

1.      Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

**PARTIES**

2.      Plaintiff, Darryl Harris, is domiciled in Washington Parish, State of Louisiana, and was employed by Defendant from approximately October, 2022 to September, 2023, as a maintenance worker.   Plaintiff's hours varied from week to week but he regularly worked more than forty (40) hours a week.

3.      Plaintiff has consented to filing the instant action. (Exhibit "A").

4.      Defendant Barrow Creek, LLC (hereinafter referred to as "Barrow Creek") is a Louisiana limited liability company, which can be served through its agent for service of process Craig Graham, 6979 Barrow Creek, St. Francisville, Louisiana 70775.

## VENUE

5.      Venue is proper in this District as Defendant is domiciled in the Middle District, and as a substantial part of the events giving rise the claims occurred in this District.

## COVERAGE UNDER THE FLSA

6.      At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. §203(d).

7.      At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. §203(r).

8.      At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

9.      Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) at all relevant time periods.

10.      At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

11.      Defendant and Plaintiff used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and provided its employees with paychecks, all of which constitutes interstate commerce.

**FACTS**

12.     Plaintiff has been employed by Defendant as a maintenance worker.

13.     Plaintiff was paid on an hourly basis and was not exempt from the overtime requirements of the FLSA.

14.     Plaintiff did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

15.     Plaintiff's hours varied from week to week during his employment with Defendant, but he regularly worked more than forty (40) hours in a workweek.

16.     Plaintiff was paid by payroll check for the first forty (40) hours he worked in a workweek.  Instead of receiving wages for the hours he worked in excess of forty (40) hours in a workweek, Plaintiff was given a balance in an account which amounted to his regular hourly rate for all hours worked over forty (40) in the workweek.  Plaintiff was not paid the funds from the account until he ceased working for Defendant.  Plaintiff was not paid an overtime premium for hours worked over forty (40) in a workweek.

17.     For example, during the workweek of March 27, 2023 to April 2, 2023, Plaintiff worked approximately fifty-nine (59) hours.  Plaintiff was paid $360.00 by payroll check for forty (40) hours of work, at a rate of $9.00 an hour.  Defendant increased Plaintiff's account for the remaining hours over forty (40) in the workweek at a rate of $9.00 an hour.  He was not paid an overtime premium.

18.     Despite these numerous complaints, Defendant continued its illegal practice of failing to compensate Plaintiff for all compensable hours and overtime and thus, its actions and inactions are willful.

3

**VIOLATION OF THE FAIR LABOR STANDARDS ACT
FOR FAILURE TO PAY OVERTIME COMPENSATION**

19.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

20.    Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

21.    Plaintiff was paid hourly, and is not exempt from the overtime requirements of the FLSA.

22.    Plaintiff was not compensated in accordance with the FLSA because he was not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.


**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant as follows:

1.    For an Order finding Defendant liable to Plaintiff for unpaid overtime, and for liquidated damages equal in amount to the unpaid compensation;

3.    For an award of costs of this action as provided under the FLSA;

4.    For an award of attorneys' fees as provided under the FLSA;

5.    For an award of pre- and post-judgment interest; and

6.    For any and all other and further relief as may be necessary and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully Submitted:

*/s/ Scott E. Brady*
Philip Bohrer
*phil@bohrerbrady.com*
Scott E. Brady
*scott@bohrerbrady.com*
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana   70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000